UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HUTCHESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | |
| CITY OF AVONDALE ESTATES, ) | JURY TRIAL DEMANDED |
| OFFICER RODNEY BENNETT, ) | |
| CORPORAL RICKY HENISE, ) | |
| in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR DAMAGES**

Plaintiff Michael Hutcheson brings this lawsuit against the City of Avondale Estates and two police officers employed by the City, Rodney Bennett and Ricky Henise.

### **PARTIES**

1. Plaintiff Michael Hutcheson is a citizen of the United States and a resident of this district and division.

2. At all relevant times, Defendant Rodney Bennett ("Bennett") was an officer for the Avondale Estates Police Department. At all relevant times, Bennett was acting under the color of the state law.

1

3. At all relevant times, Defendant Ricky Henise ("Henise") was an officer for the Avondale Estates Police Department. At all relevant times, Henise was acting under the color of the state law.

4. Defendant City of Avondale Estates ("the City") is a Georgia municipality subject to suit.

## JURISDICTION AND VENUE

5. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth Amendment of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) because the action arose within this District and Division.

## FACTUAL ALLEGATIONS

7. On December 6, 2017, Mr. Hutcheson was traveling as a passenger in a car driven by Cecelia Kerger, which was driving through the City of Avondale Estates.

8. Ofc. Bennett pulled the car over for speeding.

9. After approaching the car, Officer Bennett asked Ms. Kerger for her license and registration. Ms. Kerger supplied that information to Ofc. Bennett.

10. Ofc. Bennett then asked Mr. Hutcheson to provide his identification.

11. Mr. Hutcheson asked why his identification was necessary, and stated that he did not wish to produce his identification.

12. Ofc. Bennett then told Mr. Hutcheson to write down his name and date of birth.

13. Mr. Hutcheson declined to provide that information.

14. Ofc. Bennett responded that he ID's everyone in a vehicle when it is stopped, and that he is legally authorized to demand identification from each person in a vehicle during a traffic stop.

15. Ofc. Bennett then informed Mr. Hutcheson that he could either produce his identification or he would be arrested.

16. Mr. Hutcheson asked what crime he would be charged with, and Ofc. Bennett responded "obstruction."

17. Mr. Hutcheson complained: "I'm just sitting here in the vehicle. I've committed no crime. I'm apparently being charged with no crime. And if

you think you're going to take me to jail and charge me with a crime because I am sitting in a vehicle, last time I heard, sir, that's not a crime."

18. Ofc. Bennett had no suspicion whatsoever that Mr. Hutcheson engaged in any criminal offense.

19. Ofc. Bennett then ordered Mr. Hutcheson to step out of the vehicle.

20. Mr. Hutcheson stepped out of the vehicle and did not resist in anyway.

21. Ofc. Bennett then placed Mr. Hutcheson under arrest and transferred Mr. Hutcheson to his patrol car.

22. Cpl. Henise was present on the scene when Ofc. Bennett placed Mr. Hutcheson under arrest.

23. Cpl. Henise knew the basis for Mr. Hutcheson's arrest was only that Mr. Hutcheson, who was the passenger in a vehicle stopped for speeding, did not provide identification to Ofc. Bennett.

24. Cpl. Henise knew that Ofc. Bennett had no suspicion whatsoever that Mr. Hutcheson engaged in any other criminal offense.

25. Ofc. Bennett transported Mr. Hutcheson to the DeKalb County jail, where he remained incarcerated for approximately sixteen hours.

26. Ofc. Bennett charged Mr. Hutcheson with obstruction of a law enforcement officer.

27. As a result of Mr. Hutcheson's arrest, he suffered a loss of his liberty, reputational damage, humiliation, physical pain and suffering, and emotional distress.

COUNT I
False Arrest under 42 U.S.C. § 1983
against Ofc. Bennett and Cpl. Henise

28. The law has long been clearly established that a police officer may not require an individual to provide identification absent reasonable suspicion that individual is engaged in some criminal act.

29. There were no facts whatsoever that could give rise to reasonable articulable suspicion that Mr. Hutcheson was engaged in criminal activity.

30. Ofc. Bennett arrested Mr. Hutcheson solely on the basis that Mr. Hutcheson did not provide his identification upon Ofc. Bennett's demand.

31. Cpl. Henise was the supervising officer on the scene and had supervisory authority over Ofc. Bennett.

32. Cpl. Henise knew all of the facts surrounding Mr. Hutcheson's arrest at the time of the arrest, and approved of the decision to arrest Mr. Hutcheson.

33. There was no probable cause to believe that Mr. Hutcheson committed the crime of obstruction of a law enforcement officer.

## COUNT II
### False arrest under 42 U.S.C. § 1983
### against the City of Avondale Estates

34. Officers employed by the City of Avondale Estates have a standard practice of requiring passengers in vehicles that are stopped for traffic violations to provide identification.

35. Officers employed by the City of Avondale Estates require passengers to provide identification regardless of whether the passenger is suspected of any crime.

36. The City's practice of requiring passengers to provide identification is widespread within the City police department.

37. The practice is known to supervisors within the City police department, including the Chief of Police who is the City's final decision maker in matters related to police training.

38. The municipal code of the City of Avondale Estates states that "[i]t shall be unlawful for any person to fail to give full, complete, and accurate information as to his or her own name, social security number, address, date of birth, or driver's license to a city police officer in the lawful discharge of his or her duties who is attempting to ascertain such person's true identity." Municipal Code, § 12-36.
39. The municipal code constitutes an official policy of the City of Avondale Estates.
40. Ofc. Bennett and Cpl. Henise acted pursuant to that policy when arresting Mr. Hutcheson.
41. The standard practice and municipal ordinance were each the driving force behind the decision to arrest Mr. Hutcheson.

*Requested Relief*

Plaintiff prays that this Court:

    a) hold a trial by jury upon all of the issues so triable;

    b) award compensatory and special damages against Defendants in in an amount to be proven at trial;

c) award punitive damages against Defendants Bennett and Henise in their individual capacities;

d) award attorneys' fees under 42 U.S.C. § 1988;

e) tax the costs of this action against Defendants;

f) award such other and further relief to which Plaintiff is legally entitled, whether explicitly pleaded or not, and as this Court deems just and equitable.

Respectfully submitted this 5th day of July, 2019.

| | |
|---|---|
| **Zack Greenamyre** | **Jeff Filipovits** |
| Georgia Bar No. 293002 | Georgia Bar No. 825553 |
| MITCHELL & SHAPIRO LLP | FILIPOVITS LAW, PC |
| 3490 Piedmont Road, Suite 650 | 2900 Chamblee-Tucker Road, Bldg. 1 |
| Atlanta, Georgia 30305 | Atlanta, Georgia 30341 |
| Telephone: (404) 812-4747 | Telephone: (678) 237-9302 |
| Email: zack@mitchellshapiro.com | Email: jeff@law.filipovits.com |