UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HUTCHESON, )<br>)<br>Plaintiff, )<br>)    1:19-cv-3088-CAP<br>v. )<br>)<br>CITY OF AVONDALE ESTATES, )<br>OFFICER RODNEY BENNETT, )<br>CORPORAL RICKY HENISE, )<br>in their individual capacities, )<br>)<br>Defendants. ) | |

## **PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiffs submit the following initial disclosures under Fed. R. Civ. P. 26 and Local Rule 26.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

*Causes of Action*

Plaintiff's claims are for false arrest under 42 U.S.C. § 1983 against Ofc. Bennett, Cpl. Henise, and the City of Avondale Estates.

1

*Statement of Facts*

On December 6, 2017, Mr. Hutcheson was traveling as a passenger in a car driven by Cecelia Kerger, which was driving through the City of Avondale Estates. Ofc. Bennett pulled the car over for speeding. After approaching the car, Officer Bennett asked Ms. Kerger for her license and registration. Ms. Kerger supplied that information to Ofc. Bennett. Ofc. Bennett then asked Mr. Hutcheson to provide his identification. Mr. Hutcheson asked why his identification was necessary, and stated that he did not wish to produce his identification. Ofc. Bennett then told Mr. Hutcheson to write down his name and date of birth.

Mr. Hutcheson declined to provide that information. Ofc. Bennett responded that he ID's everyone in a vehicle when it is stopped, and that he is legally authorized to demand identification from each person in a vehicle during a traffic stop. Ofc. Bennett then informed Mr. Hutcheson that he could either produce his identification or he would be arrested. Mr. Hutcheson asked what crime he would be charged with, and Ofc. Bennett responded "obstruction." Mr. Hutcheson complained: "I'm just sitting here in the vehicle. I've committed no crime. I'm apparently being charged with no crime. And if you think you're going to take me to jail and charge me with a crime because I am sitting in a vehicle, last time I heard, sir, that's not a crime."

Ofc. Bennett had no suspicion whatsoever that Mr. Hutcheson engaged in any

criminal offense. Ofc. Bennett then ordered Mr. Hutcheson to step out of the vehicle. Mr. Hutcheson stepped out of the vehicle and did not resist in anyway. Ofc. Bennett then placed Mr. Hutcheson under arrest and transferred Mr. Hutcheson to his patrol car. Cpl. Henise was present on the scene when Ofc. Bennett placed Mr. Hutcheson under arrest. Cpl. Henise knew the basis for Mr. Hutcheson's arrest was only that Mr. Hutcheson, who was the passenger in a vehicle stopped for speeding, did not provide identification to Ofc. Bennett. Cpl. Henise knew that Ofc. Bennett had no suspicion whatsoever that Mr. Hutcheson engaged in any other criminal offense. Ofc. Bennett transported Mr. Hutcheson to the DeKalb County jail, where he remained incarcerated for approximately sixteen hours.

Ofc. Bennett charged Mr. Hutcheson with obstruction of a law enforcement officer. As a result of Mr. Hutcheson's arrest, he suffered a loss of his liberty, reputational damage, humiliation, physical pain and suffering, and emotional distress.

### *Legal Issues*

a) Whether there was probable cause for Plaintiff's arrest;

b) Whether the individual officers are entitled to qualified immunity;

c) Whether the City of Avondale Estates had a pattern and practice of requiring passengers to provide identification during routing traffic stops;

  d) Whether the City of Avondale Estates had a policy allowing officers to require that passengers provide identification during the course of a routine traffic stop;

  e) The amount of damages recoverable by Plaintiff.

(2) **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

 a) 42 U.S.C. §1983 (federal civil rights act);

 b) 28 U.S.C. §1331 (federal question jurisdiction);

 c) 28 U.S.C. §1343 (jurisdiction for enforcement of civil rights);

 d) 28 U.S.C. §1367 (pendant or supplemental jurisdiction of this Court to hear state law claims);

 e) 42 U.S.C. §1988 (attorney's fees and expenses of litigation);

 f) Fourth Amendment to U.S. Constitution (prohibiting unreasonable seizures);

 g) *Skop v. City of Atlanta*, 485 F.3d 1130, 1137–38 (11th Cir. 2007);

 h) *Redd v. City of Enterprise*, 140 F.3d 1378 (11th Cir. 1998);

 i) *Rankin v. Evans*, 133 F.3d 1425 (11th Cir. 1998);

 j) *Jones v. Cannon*, 174 F.3d 1271 (11th Cir. 1999); and

  k) *McClish v. Nugent*, 483 F.3d 1231 (11th Cir. 2007).

  l) *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987)

  m) *Lewis v. City of New Orleans*, 415 U.S. 130 (1974)

  n) *Gooding v. Wilson*, 405 U.S. 518, 522 (1972)

  o) *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

  p) *Wilkerson v. Seymour*, 736 F.3d 974 (11th Cir. 2013)

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff does not anticipate the use of an expert witness but reserves the right to

supplement this disclosure.

 **(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

 See Attachment C.

 **(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

 Plaintiff seeks damages for emotion distress, loss of liberty, harm to reputation,

6

humiliation, legal fees, expenses incurred in defending his criminal case, criminal defense attorney's fees, and other compensatory damages proximately caused by his wrongful arrest, incarceration, and prosecution. Plaintiff also seeks punitive damages against the individual defendants in amount to be determined by a jury. Plaintiff also seeks attorneys' fees under 42 U.S.C. § 1988.

(7) **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

All insurance agreements are in the possession of Defendants.

(8) **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

No such persons or entities exist.

Submitted, this 11th day of October, 2019.

**Zack Greenamyre**
Georgia Bar No. 293002

Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

**Jeffrey R. Filipovits**
Georgia Bar No. 825553

FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jeff@law.filipovits.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using 14-point Times New Roman font.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed Plaintiff's Initial Disclosures with the Clerk of Court using the CM/ECF system which will cause service by electronic mail to all attorneys of record.

This 11th day of October, 2019.

**Jeffrey R. Filipovits**
Georgia Bar No. 825553

FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jeff@law.filipovits.com

### Attachment A – Plaintiff's Witness List

| Name: | Contact information: | Information Known to Witness: |
|---|---|---|
| Plaintiff | Plaintiff's counsel | Arrest, damages |
| Various officers employed by the City of Avondale Estates during the relevant time period | | Policy, practice, and custom of requiring identification of passengers |
| Cecelia Lee Kerger | Presently unknown | Driver of the car in which Plaintiff was traveling; Plaintiff's arrest |

Plaintiff incorporates any witnesses identified by Defendants, or whose names are made known through the course of discovery. Plaintiff reserves the right to amend this list of witnesses through the course of discovery.

### Attachment C – Plaintiff's Document List

| Description of Document: | Party in Possession of Document: | Information contained within Document: |
|---|---|---|
| Police report | City of Avondale Estates | Circumstances of Plaintiff's arrest |
| Body camera arrest video | City of Avondale Estates | Plaintiff's arrest |
| Patrol car video | City of Avondale Estates | Plaintiff's arrest |
| DeKalb County Jail booking documents | DeKalb County Sheriff's Office | Records of Plaintiff's incarceration |
| Criminal prosecution documents | DeKalb County State Court | Records of Plaintiff's criminal prosecution |

Plaintiff reserves the right to supplement this document list, and further incorporates any documents identified by Defendants, or whose existence is made known to the parties during the course of discovery. Plaintiff reserves the right to amend this list of documents through the course of discovery.